

# MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | **WD84465** |
| Appellant, | ) | |
| v. | ) | **OPINION FILED:** |
| | ) | |
| ANTWON TODD, | ) | **May 31, 2022** |
| | ) | |
| Respondent. | ) | |
| | ) | |

**Appeal from the Circuit Court of Jackson County, Missouri**
**Honorable Justine Elisa Del Muro, Judge**

**Before Division Four:**
**Cynthia L. Martin, C.J., Anthony Rex Gabbert and Janet Sutton, JJ.**

The State appeals the Jackson County Circuit Court dismissal of criminal charges against Mr. Antwon Todd, who was 17 years old when he allegedly committed the offenses. Both the State and Mr. Todd agree that under *State v. R.J.G.*, 632 S.W.3d 359 (Mo. banc 2021), a change in the law regarding the jurisdiction of juvenile courts over children who commit criminal offenses does not apply retroactively. §§ 211.021(1), 211.031.1(3), RSMo. (2021 Cum. Supp.). Accordingly, the court of general jurisdiction, where the charges were lodged, erred in referring the matter to the Jackson County Family Court. We reverse the circuit court's dismissal and remand for further proceedings consistent with this opinion.

The State alleged in an information filed in Jackson County Circuit Court in June 2020 that Mr. Todd committed six felonies on December 9, 2019, during an incident involving a pizza delivery driver at 13th and Vine in Kansas City, Missouri. Mr. Todd was charged with robbery in the first degree for forcibly stealing an automobile while armed with a deadly weapon, "either acting alone or purposely in concert with another." Mr. Todd allegedly shot at the robbery victim, an offense for which he was charged with assault in the first degree. For this shot, Mr. Todd was also charged with unlawful use of a weapon for shooting from a motor vehicle. Each of these counts was accompanied by an armed criminal action count.

When Mr. Todd allegedly committed the offenses, he was 17 years old. He filed a motion to dismiss in March 2021, claiming that, under a 2021 statutory amendment, he could no longer be prosecuted in a court of general jurisdiction unless certified as an adult in the juvenile court. The State countered that the statutory amendment was not retroactive, but the circuit court sustained the motion and referred the case to family court. The State filed this appeal, and we stayed the matter in April 2021 pending the Missouri Supreme Court's disposition of *R.J.G.* We lifted the stay in November 2021 following issuance of the supreme court's opinion and mandate in that case.

**Legal Analysis**

The State argues in the sole point relied on that the circuit court erred in sustaining Mr. Todd's motion to dismiss, because he was legally an adult when he was alleged to have committed the crimes. In this regard, the State cites *R.J.G.* and

2

its companion[1] for the principle that the law in effect when the offenses occurred defined a 17-year-old as an adult and the amendment altering that definition "does not operate retroactively." Mr. Todd has not filed a brief, conceding in a letter to the Court that "the State is correct that *R.J.G.* requires this Court to vacate the order of the circuit court dismissing the criminal cause of action, and to remand this cause of action with instructions consistent with *R.J.G.*"

As here, R.J.G. was 17 years old when he allegedly committed the offenses charged. *R.J.G.,* 632 S.W.3d at 361. After the General Assembly amended the law to expand the juvenile court's exclusive original jurisdiction under enumerated circumstances to those younger than age 18 instead of the previous age limitation of 17 years, R.J.G. moved to dismiss the nine felony charges the State had filed in a court of general jurisdiction. *Id*. at 361-62. As here, the circuit court applied the statutory amendment retroactively and dismissed the charges against R.J.G. *Id*. at 362. Observing that "[A] defendant must be tried for the offense as defined by the law that existed at the time of the offense," the supreme court addressed the amendment that took effect in 2021 as follows:

> Because the 2018 legislation expanding the juvenile division's statutory authority was not in effect at the time R.J.G. committed the alleged offenses or when he was charged, the law as it existed at the time the alleged offenses occurred governs which division of the circuit court had the authority to dispose of the charges. In October 2020, section 211.021(1), RSMo 2016, defined an "adult" as "a person seventeen years of age or older except for seventeen year old children as defined in this section." Section 211.031.1(3), RSMo 2016, conferred upon the juvenile division the original statutory authority "in proceedings . . . [i]nvolving any child who is alleged to have violated a state law or

---

[1] *State ex rel. T.J. v. Cundiff*, 632 S.W.3d 353, 358 (Mo. banc 2021) (harmonizing potentially disparate statutory sections and ruling that earliest date on which expansion of juvenile court's authority took effect was actually July 1, 2021, when the General Assembly appropriated the funds needed to provide 17-year-olds with services).

> municipal ordinance, or any person who is alleged to have violated a
> state law or municipal ordinance prior to attaining the age of seventeen
> years."

*Id.* at 364-65. Finding that R.J.G. was considered to be an adult under chapter 211 and the definition in effect when the alleged offense there occurred (October 2020), our supreme court determined that the circuit court erred in dismissing the State's prosecution in the court of general jurisdiction. *Id.* at 365. It reversed the circuit court's judgment and remanded.[2] *Id.*

The facts before this Court are virtually indistinguishable from the facts in *R.J.G.* The statutory change was not in effect in December 2019, when Mr. Todd allegedly committed the charged offenses. Accordingly, we grant this point.

### Conclusion

The family court did not have statutory authority to adjudicate the offenses charged, so the circuit court erred in dismissing the State's prosecution of Mr. Todd in the court of general jurisdiction. The circuit court's dismissal is reversed, and the case is remanded.

_____
Janet Sutton, Judge

Martin, C.J. and Gabbert, J. concur.

---

[2] Note that, as here, the circuit court in *State v. R.J.G.*, 632 S.W.3d 359, 362 (Mo. banc 2021), entered an *order* granting R.J.G.'s motion and dismissed the State's prosecution. The supreme court deemed that order a final, appealable judgment "because it had the practical effect of terminating the state's prosecution in a court of general jurisdiction and refiling the charges would be futile . . . ." *Id.*